PeaesoN, O. J.
 

 The petition and other proceedings, under which the land was sold, are extremely meagre, but enough is set forth to support the sale according to the adjudications of this Court;
 
 Coffield
 
 v. McLean, 4 Jones’ Rep. 15;
 
 Spruill
 
 v.
 
 Davenport,
 
 3 Jones’ Rep. 42;
 
 Pendleton
 
 v. Trueblood, ib. 96. The petition alleges the existence of debts of the ancestor for which the estate of the ward is liable, and describes the land with as much certainty as is done in
 
 Pendleton v. Trueblood,
 
 and the Court adjudges, upon the testimony of a competent witness, that the matters alleged in the petition are true, and orders a sale of the laud mentioned and described in the petition.
 

 There is, however, a fatal objection to the plaintiff’s right to recover in the present action. The sale made by the commissioner, passed only the title of Mary E. Whitehurst. John H. Whitehurst, one of the heirs, was not a party to the proceeding. No application was made in his name or in his behalf, for an order to sell the land, so that his moiety of the land was not sold, and did not pass by the deed of the commissioner. Indeed, as the proceedings do not notice the existence of this heir, or purport to make any disposition in respect to his moiety, we had some difficulty as to how far the Court had power to order a sale, which would only pass the title of the other. We are satisfied, however, that the Court has the power, otherwise, the land of an infant heir cóuld not be sold where there is an adult co-heir. So, that although the exercise of the power in this case may have been ill-advised, and although the purchaser may have a right to complain, (for no doubt she thought she was buying the whole tract) still the sale is not
 
 void,
 
 because the Court had the power, and the fact that the purchaser did not get title to one moiety, is no
 
 *338
 
 reason why she should not be allowed to assert her title to the other.
 

 We have, then this point: The declaration has bnt one count. That is on the demise of Bryan and wife, and John H. Whitehurst. One of the lessors, Bryan and wife, had no title; can the action be maintained ?
 

 It is settled that it cannot. The title of the lessors must be truly stated in the declaration, and must be proved as alleged. A joint demise in the name of two, is not supported by proof of title in one, as to a moiety.
 
 Hoyle
 
 v. Stowe, 2 Dev. Rep. p. 320. The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per CubiaM, Judgment reversed.